UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **Edward C. Hugler, Acting Secretary of Labor**, United States Department of Labor (Wage and Hour Division)<br><br>  Plaintiff,<br><br>  v.<br><br>**Tyler Holdings, Inc. d/b/a Interceptor Security Services** and **Teresa Tyler** Individually and as as CEO of **Tyler Holdings, Inc.**<br><br>  Defendants. | Civil Action No. 3:17CV00079 |

## COMPLAINT

Plaintiff, Edward C. Hugler, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Tyler Holdings, Inc. d/b/a Interceptor Security Services and Teresa Tyler, ("Defendants") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees plus interest.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Tyler Holdings, Inc. d/b/a Interceptor Security Services, at all times hereinafter mentioned was, a corporation with a place of business at 11612 Busy Street, 2nd Floor, Richmond, VA 23236, which is within the venue and jurisdiction of this Court. Defendant Tyler Holdings, Inc. d/b/a Interceptor Security Services is a private security firm that provides security services on a contract basis to housing developments, apartment complexes, restaurants, and truck stops in the Richmond, VA metro area.

III.

Defendant Teresa Tyler ("Tyler") is and, at all times hereinafter mentioned was the CEO and owner of Defendant Tyler Holdings, Inc. Defendant Tyler does, and at all times hereinafter mentioned did, business in Virginia as she directs the daily operation of Interceptor Security Services located at 11612 Busy Street, 2nd Floor, Richmond, VA 23236, which is within the venue and jurisdiction of this Court.

IV.

At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing of security services on a contract basis to housing developments, apartment complexes, restaurants, and truck stops in the Richmond, VA metro area in furtherance of the business purposes of Defendants' unified business entity.

V.

At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that Defendants have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendants have an annual gross volume of sales made or business done of not less than $500,000.00. Defendants' employees provide security services to housing developments, apartment complexes, restaurants, and truck stops. These employees regularly use goods and supplies received from out of state, such as weaponry, uniforms, radios, walkie-talkies, and automobiles.

VI.

Defendant Tyler directs the daily operation of Interceptor Security Services and makes all decisions regarding employment and business practices. Defendant Tyler exercised control over the business, including but not limited to hiring and firing employees and signing paychecks. The services provided by these employees were integral to the running of Interceptor Security Services. Accordingly, Defendant Tyler is an employer under Section 3(d) of the Act.

VII.

1. During the period from April 1, 2011 through March 27, 2012 ("the investigative period"), Defendants employed individuals to work for Interceptor Security Services. These employees included security guards who provided security services to housing developments, apartment complexes, restaurants, and truck stops in the Richmond, VA metro area. The employees listed in the attached Schedule A (collectively referred to hereinafter as "Security

Guards") were employed by the Defendants as security guards during the time period covered by this Complaint. The Security Guards typically worked between 40 and 70 hours per workweek during this period.

2. During the investigative period, Defendants failed to pay at least three Security Guards at their regular rate of pay for a total of 155 unpaid hours of work. As such, the Defendants did not consistently compensate these Security Guards in accordance with Section 6 of the Act as some employees were paid wages at rates less than $7.25 per hour.

3. During the investigative period, Defendants paid the Security Guards a straight-time salary for all hours worked, including those hours worked in excess of 40 in a workweek and did not compensate these Security Guards in accordance with Section 7 of the Act and 29 C.F.R. 778.5 in workweeks in which an employee worked over 40 hours. Specifically, in workweeks where the Security Guards worked more than 40 hours, the Defendants "banked" overtime hours. The Security Guards were allowed to request payment of these banked hours to supplement weeks in which they worked less than 40 hours to bring the total hours paid up to 40. These hours were included in the Security Guards' regular paychecks and were paid out at straight-time rates. The Security Guards were also allowed to request banked hours for vacation or other reasons and these hours were paid at a straight-time rate by separate check. As such, on several occasions employees were paid a straight-time rate in lieu of paying out at the overtime premium of one and one half the regular rate for hours worked over forty in a week. The amount of weekly overtime payments owed to each Security Guard varies depending on the number of hours the Security Guard actually worked.

VIII.

As described in Paragraph VII, above, during the investigative period, the Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing Security Guards in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, by paying the Security Guards wages at rates less than that required by Section 6 of the Act.

IX.

As described in Paragraph VII, above, during the investigative period, the Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the Security Guards in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, for workweeks longer than 40 hours without compensating such Security Guards for their employment in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

X.

During the investigative period, Defendants continually violated the provisions of the Act as alleged in Paragraphs VII through IX above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of minimum wage back wages or overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XI.

As a result of the violations alleged in Paragraphs VII through IX above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Section 6 of the Act and Section 7 of the Act for the Security Guards named in Schedule A attached to Plaintiff's

Complaint. Additional amounts may be due to certain present and former employees who were or are employed by Defendants whose identities are unknown to Plaintiff.

XII.

A judgment granting recovery of said amounts referred to in Paragraph XII, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage back wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A. Additional minimum wage back wages and overtime compensation and/or liquidated damages may be owed for the period covered by this Complaint to certain present and former employees who were or are employed by Defendants whose identities are unknown to Plaintiff;

3. In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or

participation with Defendants, from withholding payment of minimum wage back wages or overpayment compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

    4.    For an Order awarding Plaintiff the costs of this action;

    5.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Katherine E. Bissell
Deputy Solicitor for Regional Enforcement

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Samantha Thomas
Regional Counsel

Pollyanna E.F. Hampton
Attorney

_____

BY: Ali Beydoun
Attorney
U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South –Suite 401
Arlington, VA  22202-5450
(202) 693-9382
VA Bar No. 78150
beydoun.ali@dol.gov

U.S. DEPARTMENT OF LABOR

# **Exhibit A**

1. Terron Adams
2. Neil Beiley
3. Alexander Baine
4. Tiffany Baker
5. Ricky Benson
6. Stephanie Booker
7. Joseph Brown
8. Darlene Chalkley
9. Jonathan Chatman
10. Mario Cox
11. Dondre Crews
12. Austin Crosby
13. Derrick Edmonds
14. Dwan Ellis
15. Jeremy Evans
16. Jermaine Frazier
17. Zenita Gray
18. Ron Green
19. George Johnson
20. Dennis Lewis, Sr.
21. Bernadetta Lovelace
22. Alfred McCapes
23. Billie McLendon
24. Junior Mendes
25. Quinten Mills
26. Dwayne Mitchell
27. Kaila Myrick
28. Geraldine Pitchford
29. Kalleye Rock
30. Tammie Rose
31. Sharmain Shakir
32. Lorenzo Simmons
33. Charee Smith
34. Crystal Smith
35. Clifford Temple
36. Deborah Tribbey
37. Derrick Tulloch
38. Crystral Updike
39. Teresa Vinson
40. Arthur Waddey
41. Michael Walker