

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **Edward C. Hugler, Acting Secretary of Labor**, United States Department of Labor (Wage and Hour Division)<br><br>Plaintiff,<br><br>v.<br><br>**Tyler Holdings, Inc. d/b/a Interceptor Security Services** and **Teresa Tyler** Individually and as as CEO of **Tyler Holdings, Inc.**<br><br>Defendants. | Civil Action No. 3:17-cv-00079 |

## CONSENT JUDGMENT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor (hereinafter "the Secretary"), and the Defendants, Tyler Holdings, Inc. d/b/a Interceptor Security Services and Teresa Tyler, (hereinafter "the Defendants"), hereby agree to the entry of this Consent Judgment. Defendants, having agreed to accept service of Plaintiff's complaint, waive their right to Answer and waive all defenses.

The parties have attempted to come to an amicable resolution of the matters at issue in Plaintiff's Complaint. The Parties entered into a Settlement Agreement on March 19, 2013 ("2013 Settlement Agreement") to resolve Defendants' alleged violations under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act." Under the 2013 Settlement Agreement, Defendants agreed to pay a total of $68,778.03 in back wages, liquidated damages, and interest pursuant to a payment plan. Defendants did not comply with the Schedule of Payments set forth in the 2013 Settlement Agreement. The parties then entered into a Settlement Agreement on November 12, 2014 ("2014 Settlement

Agreement") to resolve Defendants' alleged violations under the Act. Under the 2014 Settlement Agreement, Defendants agreed to pay a total of $63,242.14 in back wages, liquidated damages, and interest pursuant to a payment plan. Defendants have not complied with the Schedule of Payments set forth in the 2014 Settlement Agreement. The Plaintiff has agreed to resolve this matter via consent judgment, which the Defendants have agreed to sign.

Therefore, upon the motion of the attorneys, and for good cause shown, it is:

1. ORDERED, ADJUDGED, AND DECREED by the Court that the Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest shall be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 206, 207, 211 and 215 of the Act, in the following manner:

 a. Defendants shall not, contrary to Section 206 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or are employed in an enterprise engaged in commerce, or in the production of goods for commerce, as defined by the Act, wages of less than the applicable federal minimum wage, currently set at $7.25 per hour.

 b. Defendants shall not, contrary to Section 207 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than those prescribed by Section 207 of the Act, unless the employees receive compensation for their employment in excess of the maximum hours prescribed by the aforesaid sections at rates not less than one and one-half times the regular rates at which they are employed.

 c. Defendants shall not, contrary to Sections 211 of the Act, fail to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment they maintain.

 d. Defendants, nor anyone acting on the Defendants' behalf, shall not, contrary to Sections 215 (a)(3) and 218(c) of the Act, directly or indirectly discharge or in any

other manner discriminate or threaten to discharge or discriminate against any employee because that employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act, or has testified or was about to testify in a proceeding under the Act.

Further, the parties agreeing and the Court finding that back wage compensation is due to certain employees for the period from April 1, 2011 to March 27, 2012 in the amounts shown on Schedule A, attached hereto and made a part hereof, it is:

2. ORDERED, ADJUDGED, AND DECREED by the Court that the Defendants are liable for the payment of back wage compensation under Section 16(c) of the Act in the total amount of $38,029.12 to the individuals listed in Schedule A, are jointly and severally liable for said amount, and are directed to make payment of the said compensation as hereafter specified.

    a. The provisions of this Judgment relative to back wage payments and liquidated damages shall be deemed satisfied when the Defendants deliver to Plaintiff's representatives a total of $38,029.12 on or before March 1, 2017 by certified or cashier check made payable to "Wage-Hour, Labor" with Case No. 1648480 noted and mailed to:

        **U.S. Department of Labor/Wage & Hour Division**
        **The Curtis Center, Suite 850, West**
        **170 S. Independence Mall West**
        **Philadelphia, PA 19106-3317**

    b. The Plaintiff, after making legal deductions, shall distribute the proceeds of the check to the employees involved as reflected in Schedule A, or to their estates if that is necessary, and any sums not distributed to the employees named herein or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 28 U.S.C. §§2041 and 2042.

    c. Neither Defendants nor anyone acting on their behalf or within their control

shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages or interest on such back wages under this Judgment.

3. It is FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that the Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest shall be, and hereby are, permanently enjoined and restrained from withholding the payment of back wages to the individuals listed in Schedule A.

4. It is FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendants fail to make the payment as set forth in Paragraph 2 above, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

    a. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

    b. All the expenses of the accountant or Receiver shall be borne solely by the Defendants.

    c. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

    d. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

5. Within thirty days of the entry of an order approving this Order, Defendants will provide the Administrator with the current or last known address, telephone number, and social

security number (or individual taxpayer identification number (if either are known)) of each individual identified on the attached Schedule A.

6.  ORDERED, ADJUDGED, AND DECREED by the Court that upon full compliance with the terms of this Consent Judgment, the dispute between the Secretary and the Defendants with regard to violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.*, (hereinafter "the Act") as addressed in the 2014 Settlement Agreement shall be fully resolved.

7.  It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Date February 16, 2017        /s/ *REP*
                        Judge: Robert E. Payne
                               United States District Judge

The Defendants have reviewed this Judgment and consent to its entry.

Date _____  _____
Teresa Tyler, as CEO of Tyler Holdings, Inc.
d/b/a Interceptor Security Services

Date  1-12-17          _____
Shawn M. Wright
Attorney
Blank Rome LLP


The Plaintiff has reviewed this Judgment and agrees to its entry.

Date  1-23-17          _____
Ali Beydoun
Attorney

U.S. Department of Labor


ATTORNEY FOR PLAINTIFF

The Defendants have reviewed this Judgment and consent to its entry.

Date  1-12-17  _____
　　　　　　　　　Teresa Tyler, as CEO of Tyler Holdings, Inc.
　　　　　　　　　d/b/a Interceptor Security Services

Date  1-12-17  _____
　　　　　　　　　Shawn M. Wright
　　　　　　　　　Attorney
　　　　　　　　　Blank Rome LLP


The Plaintiff has reviewed this Judgment and agrees to its entry.

Date_____  _____
　　　　　　　　　Ali Beydoun
　　　　　　　　　Attorney

　　　　　　　　　U.S. Department of Labor


　　　　　　　　　ATTORNEY FOR PLAINTIFF


RECEIVED FEB 15 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## SCHEDULE A

1. Terron Adams
2. Neil Beiley
3. Alexander Baine
4. Tiffany Baker
5. Ricky Benson
6. Stephanie Booker
7. Joseph Brown
8. Darlene Chalkley
9. Jonathan Chatman
10. Mario Cox
11. Dondre Crews
12. Austin Crosby
13. Derrick Edmonds
14. Dwan Ellis
15. Jeremy Evans
16. Jermaine Frazier
17. Zenita Gray
18. Ron Green
19. George Johnson
20. Dennis Lewis, Sr.
21. Bernadetta Lovelace
22. Alfred McCapes
23. Billie McLendon
24. Junior Mendes
25. Quinten Mills
26. Dwayne Mitchell
27. Kaila Myrick
28. Geraldine Pitchford
29. Kalleye Rock
30. Tammie Rose
31. Sharmain Shakir
32. Lorenzo Simmons
33. Charee Smith
34. Crystal Smith
35. Clifford Temple
36. Deborah Tribbey
37. Derrick Tulloch
38. Crystral Updike
39. Teresa Vinson
40. Arthur Waddey
41. Michael Walker